# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TAYLOR JAMES PENNY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Case No. 06-CV-0358-CVE-PJC** |
| | ) | |
| **DAVID PARKER, Warden;** | ) | |
| **ATTORNEY GENERAL OF THE** | ) | |
| **STATE OF OKLAHOMA,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state inmate and appears *pro se*. Respondent filed a response (Dkt. # 8) to the petition, and provided the state court records (Dkt. ## 9 and 10) necessary for adjudication of Petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition should be denied.

As a preliminary matter, the Court finds that in response to the petition, Respondent asserts that the Attorney General of the State of Oklahoma is not a proper party respondent in this case. See Dkt. # 8 at n.1. The Court agrees. The Attorney General of the State of Oklahoma shall be dismissed as a party respondent.

### BACKGROUND

The record reflects that on August 14, 2003, Petitioner Taylor James Penny fled from the scene of a traffic stop. He had been a passenger in the vehicle stopped. Police officers who had not been involved in the initial traffic stop arrived and began chasing Petitioner. After he ran across Interstate 44 and past a Hibdon Tire Center, the police officers caught up to Petitioner and took him to the ground. In conducting a search incident to arrest, one of the police officers found a baggie containing 0.03 grams of cocaine base in Petitioner's rear pocket. Police officers also recovered a

baggie containing 29.27 grams of cocaine base on the ground near the Hibdon Tire Center. There

was no drug tax stamp affixed to the baggie.  Employees of the Hibdon Tire Center saw Petitioner

run by and observed that he was reaching into his pockets as he ran.

As a result of those events, Petitioner was arrested, charged, and proceeded to trial on

charges of Trafficking in Illegal Drugs (Cocaine Base) (Count 1) and Failure to Obtain a Drug Tax

Stamp (Count 2), in Tulsa County District Court, Case No. CF-2003-3897. On June 24, 2004,

Petitioner was found by a jury to be guilty as charged.  The jury recommended that Petitioner be

sentenced to seventeen (17) years imprisonment and a $30,000 fine on Count 1, and to 3 1/2 years

imprisonment and a $2,500 fine on Count 2.  On August 9, 2004, the trial court sentenced Petitioner

in accordance with the jury's recommendation except the court suspended $25,000 of the $30,000

fine on Count 1, and ordered the sentences to be served consecutively. Petitioner was represented

at trial by attorney Joseph Harris.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal

Appeals ("OCCA").  On appeal, he was represented by attorney Billy J. Baze. He raised three (3)

propositions of error as follows:

> Proposition 1:  The evidence obtained in the present case was the result of an illegal seizure and should have been suppressed.
>
> Proposition 2:  The trial court erred in not giving Appellant's proposed jury instruction that Appellant would be ineligible for good time credits.
>
> Proposition 3:  The evidence was insufficient to sustain Appellant's convictions for Trafficking in Illegal Drugs and Failure to Obtain a Drug Tax Stamp.

(Dkt. # 8, Ex. A).  In an unpublished summary opinion, filed August 17, 2005, in Case No. F-2004-

838, see Dkt. # 8, Ex. C, the OCCA rejected each proposition of error and affirmed the Judgment

and Sentence of the trial court.  Petitioner did not seek post-conviction relief in the state courts.

Petitioner filed the instant habeas corpus petition on July 12, 2006 (Dkt. # 1). In his petition, Petitioner identifies two (2) grounds of error, as follows:

Ground 1:  Evidence presented against appellant was the result of an illegal seizure and should have been suppressed.

Ground 2:  Trial court erred in not giving appellant's proposed jury instructions that appellant would be ineligible for good time credits.

(Dkt. # 1). In response to the petition, Respondent argues that this Court is precluded from considering Petitioner's Fourth Amendment claim based on the holding of Stone v. Powell, 428 U.S. 465 (1976), and that the challenge to the jury instruction is not cognizable in this habeas action.[1]

### *ANALYSIS*

**A.  Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

---

[1] In response to the petition, Respondent addresses a total of four (4) propositions of error: the two identified by the Court plus a challenge to the sufficiency of the evidence supporting the two convictions and a claim based on the state courts' denial of access to the trial transcripts allegedly needed to prepare the instant habeas petition. Upon careful review of the petition, however, the Court finds it contains only the two (2) claims discussed herein. See Dkt. # 1.

**B.  Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's claims on direct appeal. Therefore, to the extent the claims are cognizable in a federal habeas corpus proceeding, they shall be reviewed pursuant to § 2254(d).

*1.  Failure to suppress evidence obtained in violation of the Fourth Amendment*

As his first proposition of error, Petitioner asserts that his conviction was obtained based on the introduction of evidence resulting from an unconstitutional seizure.  Petitioner contends, as he did on direct appeal, that the evidence should have been suppressed based on violations of the Fourth Amendment.  See Dkt. # 1. On direct appeal, the OCCA rejected Petitioner's claim, finding as follows:

> Appellant's challenges to the legality of the traffic stop that eventually led to his arrest are misplaced.  Appellant was the passenger in a vehicle that had been under surveillance for possible drug-related activity. When police stopped the vehicle for a traffic violation, Appellant fled the scene and ignored repeated orders to submit.

4

> Police never attempted to "arrest" Appellant for any traffic offense committed outside the presence of the arresting officer.  Rather, Appellant drew attention to himself through his headlong flight from the police.  That conduct, coupled with the suspected drug activity preceding the stop, were sufficient to justify at least an investigative detention; and Appellant's refusal to obey the officer's repeated requests to stop was sufficient to warrant a misdemeanor arrest for Obstructing an Officer. *Illinois v. Wardlow*, 528 U.S. 119, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000); 21 O.S.2001, § 540; 22 O.S.2001, §§ 186, 196; *Trent v. State*, 1989 OK CR 36, ¶¶ 4-5, 777 P.2d 401, 402.

(Dkt. # 8, Ex. C).

In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial.  The Tenth Circuit has reiterated that a federal habeas corpus court need not address a Fourth Amendment question as long as the state court has given the petitioner a full and fair opportunity for a hearing on the issue.  Miranda v. Cooper, 967 F.2d 392, 400-01 (10th Cir. 1992); Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978).

In the instant case, the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate his Fourth Amendment claim alleging that the evidence should have been suppressed because it was obtained following an unconstitutional seizure. The record reflects that on April 8, 2004, Petitioner's attorney filed a Motion to Quash and Suppress, alleging that Petitioner had been arrested pursuant to an illegal traffic stop.  See Dkt. # 8, Ex. E.  The motion was denied by the trial court when Petitioner's attorney re-urged it at trial.  See Dkt. # 8, Ex. D, partial Tr. Trans. at 201. Petitioner also challenged the constitutionality of the seizure on direct appeal. See Dkt. # 8, Ex. A.  However, as indicated above, the OCCA rejected the claim. See Dkt. # 8, Ex. C.

After examination of the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim challenging the validity of his arrest and the resulting seizure of evidence in the state courts. As a result, this Court is precluded from considering the Fourth Amendment issue raised in Petitioner's petition for a writ of habeas corpus based on Stone, 428 U.S. at 494. See also Gamble, 583 F.2d at 1165 (opportunity for full and fair litigation in state court under Stone v. Powell includes opportunity to raise Fourth Amendment claim, full and fair evidentiary hearing, and recognition and application of correct Fourth Amendment standards). Therefore, the Court concludes that Petitioner in not entitled to habeas corpus relief on his Fourth Amendment claim.

### 2. *Trial court's refusal to give requested jury instruction*

As his second proposition of error, Petitioner complains that the trial court erred in refusing to instruct the jury that he would be ineligible for "good time credits" if he were convicted of Trafficking.  Petitioner raised this claim on direct appeal.  The OCCA rejected the claim, finding that "the trial court did not err in refusing to inform the jury about Appellant's ineligibility for probation or earned credits if convicted on Count 1." See Dkt. # 8, Ex. C.

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). Thus, the burden on a petitioner attacking

a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

To determine whether the state trial court's refusal to issue the instruction requested by Petitioner violated Petitioner's federal constitutional right to due process, the Court must determine whether, under state law, Petitioner was entitled to such an instruction.  Under Oklahoma law, a defendant convicted of trafficking in illegal drugs "shall not be subject to statutory provisions for suspension, deferral, or probation, or state correctional institution earned credits."  Okla. Stat. tit. 63, § 2-415(D).  In Kovash v. State, 519 P.2d 517 (Okla. Crim. App. 1974), the OCCA recognized that trial courts ordinarily should not instruct the jury "as to the possible reduction of the sentence imposed by pardon and parole or deductions for good behavior." Id. at 522. More recently, in Watts v. State, 194 P.3d 133 (Okla. Crim. App. 2008), the OCCA rejected the identical claim raised by Petitioner in the instant action, ruling that "an instruction on the defendant's ineligibility for some institutional earned credits to reduce his prison sentence would introduce highly speculative factors into jury sentencing decisions."  Id. at 137. The Court finds Petitioner was not entitled to the instruction under state law.

Furthermore, the United States Supreme Court has not held that the Constitution requires the jury to be informed of a defendant's parole eligibility in a non-capital case. Indeed, the Court has held that the Constitution requires such information to be provided to a jury only in a limited set of capital cases. See, e.g., Simmons v. South Carolina, 512 U.S. 154 (1994) (holding, in a capital case, that the jury must be informed of parole eligibility when: (1) the defendant, if sentenced to life, will

never become legally eligible for parole; and (2) the prosecution argues that the defendant presents

a future danger). As noted by the OCCA in Watts, determining eligibility for earned credits is

potentially more speculative than determining eligibility for parole. Watts, 194 P.3d at 137. In light

of that precedent, Petitioner has failed to demonstrate constitutional error resulting from the trial

court's refusal to issue the requested instruction. 28 U.S.C. § 2254(a). The trial court's refusal to

instruct on Petitioner's ineligibility for earning good time credits did not render his trial

fundamentally unfair in a constitutional sense. Cf. Taylor v. Parker, 276 Fed.Appx. 772, 775-76

(10th Cir. 2008) (unpublished) (in a non-capital case, rejecting petitioner's contention that he was

entitled to habeas relief because the trial court failed to instruct the jury on Oklahoma's 85 percent

rule).  Petitioner's request for habeas corpus relief on this ground shall be denied.

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has

not established that he is in custody in violation of the Constitution or laws or treaties of the United

States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      The Attorney General of the State of Oklahoma is **dismissed** as a party respondent.

2.      The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3.      A separate Judgment shall be entered in this case.

**DATED** this 2nd day of September, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT